After advisement the following opinion was delivered:
By the Chancellor. The deed executed by Ashbel Butler, was founded upon a good and valuable consideration expressed upon its face, to wit: that the grantees, at the request and instance of the grantor, had labored and expended their time and property, in discovering ore upon the land of the grantor. There can not be any room for doubt, therefore, that this ivas a valid conveyance of an estate or interest in fee of the undivided two thirds of all the ore beds which were contained within the bounds of the lot described in the deed; together with the servitude, or easement, of a convenient way or passage over the land to the ore beds, whenever such way or passage might be wanted by the grantees, or their heirs or assigns, for the purpose of digging or transporting the ore. As to the extent or value of the consideration mentioned in the deed, or whether it was more or less than the supposed or real value of the right granted, we have no means of knowing; neither is it in any way material to the rights of these parties, as there is no pretence that the conveyance was not fairly obtained. The only question for consideration, therefore, is whether there is anything in the case from which it can be legally presumed that the grantees have re-conveyed or released their right, as tenants in common of these ore beds, to Butler their co-tenant.
There has been no adverse possession whatever in this ease, until the opening of the ore beds a short time since. The claim of the plaintiffs under the deed was made very soon thereafter, and they brought this suit when they found the defendants intended to resist that claim. As the sole [647] and exclusive occupation and use of the farm for agricultural pur poses by the grantor, was perfectly consistent with the rights of the grantees, no presumption of a reconveyance can arise from such exclusive occupation. By the terms of the grant either party had the right to open and work the mines whenever they pleased; paying the other party his or their proportion of the value of the ore raised, after deducting the expense of opening the ore bed and digging and transporting the ore to market; but by the terms of the conveyance neither party was required to do so within any particular time. It is perfectly immaterial, therefore, which party was the original owner of the land within which the ore beds are situated. The cases referred to by the counsel for the plaintiffs in error establish the-principle that where one tenant in common has exercised a right over the property held in common wholly inconsistent with the right of his co-tenant for more than twenty years, an actual ouster of his co-tenant may be presumed for the purpose of barring such right by adverse possession; but no such presumption can arise where the right exercised is perfectly consistent with the right of the co-tenant; for in such a case the possession of one tenant in common is the possession of the other, and there is nothing for the law of presumption to take hold of.
In the case under consideration if either party had opened and worked the ore beds for twenty years without paying to the other party his or their share of the value of the ore in the ground, or otherwise accounting to him or them for the same, or acknowledging the right of the co-tenant, an ouster of the co-tenant or a release of his or their interest in the ore bed might be presumed; but if neither party should think fit to open and work the ore bed, or if one of them should work it exclusively, paying the other his share of the value of the ore dug, or admitting his liability to pay for the same, no such presumption of ouster or of a release could possibly arise; as there would be nothing upon which such a presumption could be founded. The *363 testimony offered by the defendant, to show that a forge and furnace were erected within a few miles of the premises three or four years after the date of the deed, of which forge Phelps was a part owner, and [648] which were supplied with ore from beds in that vicinity, could not have helped the defendant’s case; although it would probably have explained the cause why the ore beds in controversy had not been opened and worked by either party until those which had been already opened and which were probably more convenient had become exhausted or more difficult to work; and the fact that Phelps was part owner of a forge in the neighborhood, and might therefore, at some future time, want ore from the premises in controversy to supply it, would certainly have been a strong circumstance against the presumption that he had released or re-conveyed the right to these ore beds which he had secured to himself by the deed from Butler. But there was nothing in either of the circumstances now alluded to which were offered in evidence on the trial, from which a legal presumption could arise that the grantees in the deed had re-conveyed to the grantor their interest in the ore beds in question.
I can not, therefore, see any reason to question the correctness of the judgment of the court below; and I think it should be affirmed.
On the question being put, Shall this judgment be reversed? all the members of the court, with the exception of two, (nineteen being present,) voted in the negative. Whereupon the judgment of the supreme court was affirmed,.