SARAH E. WHEAT, Appellant, v. LILLIE E. LORD, Respondent,
Impleaded, etc.

*Unrecorded mortgage — knowledge of, by a purchaser of the premises — question of
fact.*

Where a person has knowledge of facts sufficient to put him upon inquiry as to
the existence of a prior unrecorded mortgage, or other lien upon the premises
that he is about to purchase, he is presumed either to have made the inquiry
and ascertained the fact of such prior right, or to have been guilty of a degree
of negligence fatal to his claim as a *bona fide* purchaser ; the circumstances,
however, must be such as not only to lead him to, but to direct the course
of, an inquiry which would, if pursued, end in a discovery of the defect.
This presumption is a mere inference of fact, and may be repelled by proof
that the purchaser failed to discover the prior right, notwithstanding the
exercise of due diligence on his part.

APPEAL by the plaintiff, Sarah E. Wheat, from a judgment of
the County Court of Erie county, entered in the office of the clerk
of that county on the 24th day of December, 1891, upon a decision
rendered, after a trial by the court, dismissing the complaint upon
the merits as against the defendant, Lillie E. Lord.

*Harry D. Williams,* for the appellant.

*John G. Milburn,* for the respondent.

HAIGHT, J. :

This action was brought to foreclose a mortgage. On the 3d
day of October, 1889, the plaintiff sold the premises in question to
one Gifford A. Morgan, who, to secure a part of the purchase
money, executed and delivered to her a mortgage thereon for the
sum of $1,300. On the nineteenth day of December thereafter
Morgan sold the premises to the defendant subject to a mortgage
for $3,000, but not to the mortgage in suit, and received his pay
therefor in full. The plaintiff's mortgage was not recorded until
the 2d day of December, 1890.

It is claimed on behalf of the plaintiff that the defendant knew
of the existence of the plaintiff's mortgage at the time she purchased
the premises ; that Morgan informed her of the mortgage and agreed

with her to take care of it, and save her harmless therefrom; whilst on behalf of the defendant, it is claimed that she had no knowledge of the existence of the mortgage, or of any other lien upon the premises. The trial court found as facts: "That at the time of the said purchase of said land and premises by the defendant, Lillie E. Lord, and the delivery of the said deed of conveyance thereof to her, she had no knowledge of the mortgage referred to and set forth in the complaint herein. That the said Lillie E. Lord purchased said lands and premises as aforesaid, subject only to a three thousand dollar mortgage before mentioned, in good faith and for a valuable consideration."

If the plaintiff is correct in reference to her contention, she is entitled to recover. If, however, the facts are as claimed by the defendant, the judgment is correct.

The rule is that where a person has knowledge of facts sufficient to put him upon inquiry as to the existence of a prior unrecorded mortgage or other lien upon the premises that he is about to purchase, he is presumed either to have made the inquiry and ascertained the facts of such prior right, or to have been guilty of a degree of negligence fatal to his claim as a *bona fide* purchaser. The circumstances, however, must be such as not only to lead to, but to direct the course of inquiry which would, if pursued, end in a discovery of the defect. The presumption is a mere inference of fact, and may be repelled by proof that the purchaser failed to discover the prior right notwithstanding the exercise of due diligence on his part. (*Williamson* v. *Brown,* 15 N. Y. 354; *Birdsall* v. *Russell,* 29 id. 220; *Stearns* v. *Gage,* 79 id. 102–107; *Acer* v. *Westcott,* 46 id. 384–389; *The Belmont Branch of the State Bank of Ohio* v. *Hoge,* 35 id. 65–68.)

The question is, therefore, purely one of fact. The plaintiff's case chiefly rests upon the testimony of her attorney as to an admission made to him by the defendant on the 2d day of December, 1890, the occasion of his visit to her after the mortgage had been placed in his hands by the plaintiff. It appears that he had had a conversation with Morgan in reference to the matter, and that they had arranged to meet at the defendant's house; that Mr. Morgan preceded him; that when he reached the house he met the defendant in the sitting room in company with

Morgan, and told her that he had come there by appointment with Mr. Morgan, and that he supposed she knew the nature of his business; she replied she thought she did; that he then had some conversation with her, in which she told him that Mr. Morgan had told her before her purchase of the property that Mrs. Wheat had a mortgage upon the property; that he then asked her if she would be willing to make a statement to that effect, and she said that she would; that he then read to her an affidavit that he had previously prepared for Morgan to sign, which is as follows:

" State of New York, |
    " *County of Erie,*   } *ss. :*

" Gifford A. Morgan, being duly sworn, says that he is the person by that name who, about October 3, 1889, bought of Mrs. Sarah E. Wheat the premises No. 285 Fifteenth street, Buffalo, N. Y., being thirty feet front by one hundred twenty feet deep, and thirty feet north of Massachusetts street on the east side of Fifteenth street; that in said purchase deponent assumed a three thousand dollar bond and mortgage upon said premises, and gave Mrs. Wheat in payment for her interest in said lands a second bond and mortgage for $1,300.00 ; that in December, 1889, deponent sold said premises to Mrs. Lillie E. Lord, she assuming said three thousand dollar mortgage; that at the time of selling said premises to Mrs. Lord deponent knew that the mortgage he gave to Mrs. Wheat on said premises had not been recorded, and told Mrs. Lord so, and tried to find Mrs. Wheat and give her some other security, but could not find her. Deponent told Mrs. Lord of the existence of the mortgage given on these premises to Mrs. Wheat, and told her he would take care of it himself and save Mrs. Lord harmless therefrom, and Mrs. Lord then took the property, assuming the first mortgage, and gave deponent other property in trade. Deponent wrote to Mrs. Wheat in Orange to make some arrangement about this mortgage. Mrs. Lillie E. Lord had refused to take this property unless deponent gave it to her subject only to the three thousand dollar mortgage, and that is why deponent told her he would give Mrs. Wheat other security for her mortgage.

" Sworn to before me December 2, 1890."

The affidavit was not signed or sworn to by Morgan, but the plaintiff's attorney indorsed thereon the following:

"STATE OF NEW YORK, } *ss.:*
   "*Erie county,*       }

"Lillie E. Lord, being duly sworn, says: I have read the within statement or affidavit made for Mr. Morgan to sign, and know the same to be true in every particular.

                              "(Signed)        LILLIE E. LORD.
"Sworn to before me December 2, 1890.

                       "HARRY D. WILLIAMS,
                                 *Notary Public.*
"Witness: GIFFORD A. MORGAN."

Mr. Morgan was sworn as a witness for the plaintiff, and gave a somewhat different version of the interview of December 2, 1890. He says that at the time the plaintiff's attorney handed to him the affidavit to be signed at his office that he said to him that it was merely an explanation or statement to show Mrs. Wheat that there was no underhand or mean business in the transaction, and that there was no intention to defraud; that he asked if Mrs. Lord would probably sign it, and the witness told him that he thought she would, as it was merely a statement to show that there was no fraud or intention to defraud in the matter; and that at Mrs. Lord's the plaintiff's attorney explained why the statement was drawn up for her to sign; that he wanted it to show to Mrs. Wheat, as Mrs. Wheat had refused several offers made to her for a settlement; he wanted to show her that there was no fraud intended, and that Mrs. Lord had bought the place on the terms agreed upon, and that upon that basis Mrs. Lord signed it. Witness further stated that he had no idea that it was an affidavit, but understood it to be merely a statement to show to Mrs. Wheat. Upon the question as to whether he did in fact tell the defendant of the existence of the mortgage before her purchase, his first response was: "If I remember correctly, I told Mrs. Lord there was a lien on the property in the shape of a mortgage that I would take care of; the amount I don't think that I ever stated to her, or the nature of the lien." Here we have from him a statement to the effect that he told her that the lien was in the shape of a mortgage, and in the next breath that he had not told

her the nature of the lien. In reply to the question, "Did you tell Mrs. Lord of the mortgage?" he answered, "I presume I told her. I can't remember now; it is so far back. I presume I told her there was a mortgage on the property, but it didn't show on the search." And again, in answer to a question to tell the conversation that he had with Mrs. Lord, he stated : " I merely told her, there is nothing on the record against this property, but there is a mortgage against it, and I will take care of it." Upon his cross-examination, he speaks of its being a mortgage and of its being a lien, and thinks that he mentioned it both ways to the defendant. The defendant tells us that she knew nothing about the existence of the mortgage ; that Morgan told her that the title was all right; that he had examined the search; that there was nothing upon the premises aside from the $3,000 mortgage ; that there was another small matter that he would take care of, and that that was all that was said in reference to the title before she purchased the property ; that nothing was said about there being a mortgage or lien upon the premises aside from the $3,000 mortgage ; that on the interview of December 2, 1890, Mr. Morgan came to her house and said that " there will be a gentleman here this afternoon, who would like to have you sign some papers ; I said, ' What are they, Mr. Morgan?' He says, ' That you are knowing to the fact that there was a second mortgage on this place.' I said I knew nothing whatever of it. He said, ' Well, Mrs. Wheat, the woman who owns this second mortgage is crowding me for her money, for the $1,300 ; ' he told me the amount; he said, ' I am in no place to pay that, and if you sign this paper, it will give her to understand that you are knowing to the fact, and it will ease me; it will relieve me,' he says, ' from paying her the money at present.' " That Mr. Williams, the plaintiff's attorney, then came and read the paper to her, and she signed it without realizing what it contained; that her husband was in the house at the time, very sick, and her thoughts were chiefly upon him. This is the evidence bearing upon the question. The findings of the trial court are in accordance with the testimony of the defendant. That court had the advantage of having the witnesses present, and of seeing them when they were delivering their testimony.

Under the circumstances, we do not consider the findings so

clearly against the weight of evidence as to justify this court in reversing the judgment.

The judgment should, therefore, be affirmed, with costs.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the County Court of Erie county appealed from affirmed, with costs.