ADOLPH M. BENDHEIM, Respondent, *v.* JAMES B. MORROW, Appellant.

*Mortgage to trustees — proper satisfaction thereof — presumption that it was given in the proper discharge of their duties.*

Where from the terms of a mortgage, given to trustees for the protection of creditors of the mortgagor, it is clear that it was expected by the trust maker that the trustees therein named should have authority to collect and dispose of the moneys secured thereby, and to take all necessary steps to that end, authority is given to the trustees, in the due performance of their trust, to satisfy the mortgage, and a satisfaction thereof, given by such trustees, is pre-

sumed to have been a step taken by them in the proper discharge of the duties imposed by the trust.

A purchaser of the property upon which such a mortgage is a lien, finding a proper discharge of such mortgage from such trustees upon record, is not called upon to inquire in what manner the satisfaction piece has been induced, and, in the absence of information to the contrary, may rely upon the presumption that the trustees did their duty.

APPEAL by the defendant, James B. Morrow, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 8th. day of April, 1893, rendered upon a decision of the court after a trial at the New York Special Term.

*Sidney H. Stuart,* for the appellant.

*Sol Kohn,* for the respondent.

PARKER, J.:

If the record contained a complete statement of the facts this case could be more readily and satisfactorily disposed of by the court.

We shall be obliged, of course, to follow the findings and the evidence, but in doing it we shall not be unaware that there exists another fact, which, if present, might require that the case be treated differently. The plaintiff at public auction was the highest bidder for certain real estate, the legal title to which was in the defendant.

After the property had been struck down, a contract in writing between the plaintiff and defendant was duly executed, by which it was provided that the deed to be given should be subject to a first mortgage of $80,000, a second mortgage of $17,860, and an indenture of lease to the Condensed Coffee Company. The plaintiff paid down, in pursuance of the terms of sale, $1,500, or twenty-five per cent of the sum bid. He then caused the title to be searched, and discovered a third mortgage to four persons as trustees for certain creditors of the mortgagor, their names, together with the several amounts due to them, appearing in schedules A and B of the mortgage. On the day fixed for the completion of the purchase, the plaintiff tendered the remainder of the purchase money, and demanded a deed in accordance with the contract of sale. At the same time the defendant presented a satisfaction piece of the mort-

gage executed in due form by the four persons named as trustees therein, and offered to cancel the mortgage of record. Plaintiff refused to accept the deed, claiming that the satisfaction piece was not sufficient to extinguish the lien of the mortgage, and said that he would not accept it, or pay the residue of the purchase money, unless there was first obtained a satisfaction piece of said mortgage, executed by the trustees and by all the creditors, beneficiaries and *cestuis que trust* therein named, or a written consent to the cancellation, discharge and satisfaction of record of said mortgage, executed and acknowledged by all of the said creditors, beneficiaries and *cestuis que trust.*

Had the owner of the property gone to the trustees and paid to them the full amount of principal and interest secured by the mortgage, and received from them in return a satisfaction piece duly executed, as is the one before us, and placed the same on record, it would not be contended that the mortgage would not have been thereby discharged of record. Indeed, the respondent's first point assumes that position to be correct. This concession, it will be observed, admits that in the due performance of their trust the trustees, and they alone, had authority to satisfy the mortgage. In so conceding counsel admits no more than the mortgage asserts, but his concession justifies us in refraining from calling attention to the provisions of the mortgage, which make it clear that it was expected by the trust maker, that the trustees should have authority to collect and dispose of the moneys which the mortgage was given to secure, and to take all necessary steps to that end. So, had the plaintiff in searching the title found the record of the mortgage to be discharged by a satisfaction piece, such as the defendant offered to cancel the record with, he would have been justified in making no further inquiries with regard to the matter, and would have been protected by the record against any claims by the creditors named in the mortgage, because of a failure on their part to receive from the trustees all or any portion of the moneys which the mortgage was originally given to secure.

An intending purchaser, it is true, is presumed to investigate the title, and to examine every deed or instrument forming a part of it, and must be deemed to have known every fact so disclosed. (*Acer* v. *Westcott,* 46 N. Y. 384.)

But an examination of the mortgage to the trustees would have disclosed that, in the discharge of their duties, they were expected and required to collect thereon the sum secured, and distribute it to the parties entitled thereto; that in the accomplishment of that purpose they had authority to execute and deliver a proper satisfaction piece. It would have further discovered to the inquirer special authority to satisfy the mortgage, in order that a new mortgage for a permanent loan might become the first mortgage, and to receive another mortgage to be placed on the property in lieu of the one so satisfied, and again, that in the event of part payment, satisfaction was authorized to be made, and a new mortgage for the balance given. And having thus ascertained from the instrument that the trustees, at the time of executing the satisfaction piece, had authority to do so, he would not have been called upon to inquire whether the satisfaction piece had been induced by the giving of a new mortgage; by part payment, and a new mortgage for the remainder; by payment in full in cash, or whether they had received nothing, for the law presumes that trustees will do their duty, and a purchaser under such circumstances may rely upon that presumption in the absence of information to the contrary. The cases of *McPherson* v. *Rollins* (107 N. Y. 316) and *Waterman* v. *Webster* (108 id. 157), cited by the respondent, are not in conflict with this view.

In *McPherson's* case the trust created by the terms of the mortgage, which was executed in 1873, was to continue until 1880. The mortgage declared that it was intended as security for the payment of $250 annually to Deming individually, and fifty dollars annually to the general guardian of Florence McPherson on or before the fifteenth day of May in each year, until she should arrive at the age of fifteen years, and thereafter the further sum to said Deming, or guardian, of $100, payable annually, until Florence should arrive at the age of twenty-one years, for the benefit of Florence. There was a similar provision, although covering a different period, for a sister of Florence. A little over a year after the mortgage was executed Deming signed and executed a satisfaction piece. But the court held that it appeared upon the face of the mortgage that Deming had no power to receive payments in anticipation of the times fixed by the mortgage, which still had a.

number of years to run, of which fact the purchaser must be presumed to have had notice.

In *Waterman's* case the mortgage was executed to Joseph Waterman to secure the sum named, with interest, which was to be paid as follows : Interest on whole sum to Sarah Waterman during life; after her death a portion of the principal was payable to Joseph Waterman, the residue to be invested in securities for the benefit of the children of James Waterman, to be distributed when they respectively should arrive at age.

There was reserved to the mortgagor the right to have the mortgage discharged upon executing other securities upon the same condition. It was after the children of James became of age that Joseph received the money which led him to execute the satisfaction piece. He did not pay the money to the children, and in the action brought by them for a cancellation of the satisfaction piece, it was held that he had ceased to be a trustee, and had no authority to receive the payments, and that, as the mortgagor acted in violation of the agreement embodied in his mortgage, he could not be deemed to have acted in good faith in making payment.

Although the satisfaction piece in this case had not been recorded at the time of the tender, the question actually presented for determination is not different in its legal effect than in the case we have supposed.

It was duly executed and needed only to be recorded in order to bring about a cancellation of the mortgage record. This the defendant offered to do, and no objection was made in respect to such offer other than that the satisfaction piece was not sufficient to extinguish the lien of the mortgage. The conduct of the parties leads us to suspect that, at the time of the execution of the satisfaction piece, the trustees had not been paid in full, and possibly that they had consented to an arrangement which they understood would prevent them from receiving all that the mortgaged interest was fairly worth, so that their conduct operated to wrong their *cestuis que trust*, and was in the nature of a fraud upon them, of which facts the purchaser had knowledge.

If such was the case, an entirely different question would be presented than we have so far considered, for the presumption arising from the execution of the instrument satisfying the mortgage, to

the effect that the trustees had proceeded in conformity with the duties imposed by the trust would have been overcome.

But as we cannot pass on suspicions, but only upon findings and evidence, we need not pursue this subject further. The findings nowhere assert that the mortgage had not been paid in full, nor do they, in the recital which they make of the objections interposed by the purchaser against taking the title offered, contain any intimation that it was assigned as a reason for the alleged insufficiency of the satisfaction piece.

Turning to the evidence adduced on the trial, we fail to find anything which would support a finding either way on that subject.

As the record stands, therefore, the only questions presented are two :

(1) Did the trustees have authority to satisfy the mortgage in the course of the due execution of the duties devolved upon them by the trust ?

(2) Does the presumption arise from the fact that they did execute the satisfaction piece that it was a step taken in the proper discharge of the duties assumed by them ?

The discussion already had requires an affirmative answer to both of these questions.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.