O’BRIEN, J.
—This action, which has been twice tried, was-brought for specific performance, or, in the alternative, for the- *1213 recovery of damages ; and the defendant interposed a counterclaim, demanding specific performance or damages.' From the facts agreed upon by the parties, it appears that the defendant sold certain premises at public auction, subject to incumbrances mentioned in the terms of sale, aggregating over $100,000; and the plaintiff became the purchaser, bidding $6,000 over and above incumbrances. He paid 25 per cent, of this amount to the auctioneer, together with the exchange fees. An examination of the title disclosed the existence of a mortgage on the premises, unsatisfied of record. This mortgage was not specified in the terms of sale, and was made to trustees for the benefit of creditors of the mortgagor, one McManus. The creditors were named in schedules attached to the mortgage, the trustees being included among the creditors, and being first preferred in payment. At the time fixed for the closing of the title, nothing had been paid on this mortgage, and upward of $30,000 had been advanced by the creditors, the mortgage thus being security for that amount. It was arranged, however, that the sum of $6,000, which was to be paid by the plaintiff, would have been applicable to the payment of this mortgage. The satisfaction piece executed by the trustees, which was tendered to the purchaser at the time fixed for closing the title, was refused by him, unless the creditors named, in the mortgage either assented to the satisfaction or joined in its execution.
The general term, in reversing the judgment obtained by the plaintiff upon the first trial, said (73 Hun, 90, 95, 56 S. B. 105):
“ As the record stands, "therefore, the only questions presented are two : (1) Did the trustees have authority to satisfy the mortgage in the course of the due execution of the duties devolved upon them by the trust ? (2) Does the presumption arise, from the fact that they did execute the satisfaction piece, that it was a step taken in the proper discharge of the duties assumed by them? The discussion already had requires an affirmative answer to both of these questions.”
In another part of the opinion, the court said (page 94, 73 Hun,):
“ The conduct of the parties leads us to suspect that at the time of the execution of the satisfaction piece, the trustees had not been paid in full, and possibly that they had consented to an arrangement which they understood would prevent them from receiving all that the mortgaged interest was fairly worth; so that their conduct operated to wrong their cestuis que trustent, and was in the nature of a fraud upon them, of ■which facts the purchaser had knowledge. If such was the case, an entirely different question Avould be presented than Ave have so far considered; for the presumption arising from the execution of the instrument satisfying the mortgage, to the effect that the trustees had proceeded in conformity Avith the duties imposed by the trust, would have been overcome.”
*1214 It will thus be seen that the law relating to the validity of the satisfaction piece tendered was passed upon adversely to-the plaintiff, and that the only question reserved was one of fact as to whether or not the trustees were acting fraudulently. Upon this question of the consideration moving to the trustees, for the satisfaction piece, it appears that the property was put. up at public auction, and sold to the plaintiff, ancl that all that was realized upon, such sale was to be paid over to such trustees; and no proof was offered by plaintiff that the-trustees were not to receive other mortgages, or a new one, as. provided in the mortgage for which they gave a satisfaction piece. But, if we assume that but $6,000 was to be received by the trustees as a consideration for the satisfaction piece, the question is, was this fraudulent ? It appears that the property was incumbered by a first and second mortgage, amounting in all to $101,143. It was sold at public auction, for the best price that could be obtained, subject to these mortgages, and was purchased by the plaintiff; and not only was no proof offered to show that the property was worth more, but it is made to appear that subsequently, upon a resale, it brought, much less. But, if we disregard this testimony as to the resale, it yet appears that the trustees received a price equivalent to the value of the lien which they held ; and, if they had any discretion in the matter, they were bound to use it, and in the manner that they did, because the delivery of a satisfaction piece under the circumstances was a wise exercise of their discretion.
The appellant relies mainly upon the legal position that the trustees nad no discretion, but that their powers were limited by the express terms of the mortgage. This, as we have seen, however, was directly passed upon adversely to the plaintiff by the general term. At the time of the tender of the satisfaction piece, the objection taken 'was that the trustees could not satisfy the mortgage without the creditors joining therein or consenting thereto ; and no objection was made that they were only to receive $6,000, because that fact was not then known to the plaintiff. If, however, we agree with the appellant that this objection is now available, we think it was correctly disposed of by the learned trial judge, who was bound by the law as laid down by the general term, which, upon the facts disclosed in this record, led Mm to direct a judgment for the defendant.
We think'that the judgment should be affirmed, with costs..
All concur.