RUFUS A. SPELLMAN ET AL. v. SAMUEL C. McKEEN.

[51 South. 914]

1. VENDOR AND VENDEE. *Bona fide purchaser. Notice. Recitals in deed. Chain of title.*

While a purchaser of land is, as a general rule, bound to take notice of all recitals in the deeds constituting his chain of title, yet the rule as one of constructive notice applies only to such recitals as are calculated to put an ordinarily prudent person on inquiry, and they must be so far intelligible that upon proper inquiry they will lead the purchaser to knowledge of the particular fact with notice of which it is sought to charge him.

2. SAME. *Recital of consideration. Other considerations.*

A recital in a deed to the purchaser's grantor that its consideration was two thousand dollars "and other considerations" is not sufficient to charge the purchaser with constructive notice that any part of the consideration was unpaid, since it indicated nothing more than that there was a consideration other than the two thousand dollars.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

McKeen, appellee, was complainant in the court below; Spellman and others, appellants, were defendants there. The bill sought to enforce a vendor's lien on lands. From a decree

overruling a demurrer to the bill of complaint the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Watkins & Watkins,* for appellant, Spellman.

There is no allegation in the bill that the appellants had notice other than such as would be inferred as a matter of law from a reading and inspection of the deed itself.

The rule in this state on one side of the question will be found stated in the case of *Deason v. Taylor,* 53 Miss. 697, where it is held that land may be subjected to the payment of the unpaid purchase money, although no express reservation of the lien was had, in a case where the deed under which the vendee claimed showed on its face that the purchase money was unpaid at the time of the delivery of the deed; the court holding that a vendee necessarily took notice of all recitals contained in deeds through which his title was derived, and that since the deed under which the vendee claimed showed that the land was sold on a credit, it became the duty of the vendee to inquire as to whether or not the purchase money had been paid, as a matter of fact, at the time of his purchase. The court now will note that case is one where the direct information was contained in the regular chain of the vendee's title.

Is the failure of the deed to state that the purchase money was paid, equal to saying that it was unpaid? Or to state the proposition differently, was not the failure of the deed to state that the purchase money was unpaid, equal to stating that it had been paid? It may be stated as the rule announced in all cases where land has been subjected to the payment of unpaid purchase money in the absence of a reservation of the lien, and in the absence of notice from other sources, that the deed itself must disclose the fact that the purchase money was unpaid.

The court will notice that the deed uses the language "In consideration of two thousand dollars and other considerations."

The vendor is not suing to recover other considerations. He is suing to recover the $2,000, which was the true consideration, and subject the land to the payment of the same. The fact that he may have thought the words "other considerations" created a lien in his favor, if he did so think, will not in any manner help him. The court should presume that the $2,000 was paid. The same presumption applies to the other considerations, since the vendor failed to state that the other considerations were unpaid. What is the difference between the $2,000 and the other considerations? There being no statement in the deed that they were unpaid, the presumption is that they were both satisfied when the deed was delivered.

Counsel for the appellee says that if Spellman had gone from Massachusetts to Terre Haute, Indiana, and asked McKeen what he meant by his "other considerations," he would have found out that the original two thousand dollars purchase money note was unpaid. That may be very true; it may have been that the most idle question on the part of Spellman to McKeen, if Barton's name was brought up, might have elicited the same information, but that does not change the rule in this case. This question is most admirably discussed in the case of *Moeller & Holthaus,* 12 Mo. App. 526.

*Alexander & Alexander,* for appellant, Cahn.

In the absence of registry laws purchasers were at their peril touching all liens, even secret ones. Registry acts are for the benefit of purchasers and others taking title to land. Wade on Notice, § 96.

Purchasers who avail themselves of the registry of deeds "may rest there and purchase in absolute security provided they do so without knowledge, information, or such suggestions from other facts as would be gross negligence to ignore." Ib. § 96.

As there were no "other considerations" (i. e. considerations other than the $2,000) the recital of "other considerations"

was false. There was no other consideration to be learned either from the recitals or by inquiry. No outside inquiry was called for in regard to the $2,000. That was a recited consideration, and any considerations to be learned outside the deed by inquiry must have been distinct from and independent of the $2,000.

According to appellee the "other consideration" is not another but the same consideration as the $2,000. The deed, we are told, must be taken as if the words "other considerations" meant $2,000 not paid, or as if it read "in consideration of $2,000 and of $2,000 not paid"—a palpable absurdity. One would naturally suppose there were two distinct considerations, viz.: $2,000 paid and something else to be ascertained on inquiry. Yet, there was in fact no other consideration.

Let us suppose the intending purchaser had written to Mc-Keen this letter of inquiry: "I see your deed says $2,000 and other considerations. What considerations were there other than the $2,000?" If he answered truthfully and responsively he would have answered: "There were no considerations other than the $2,000." That would be all there was to it.

We are asked to believe that when asked about a fish he would answer about a serpent.

This case calls for no rambling search of authorities, but for a common sense inquiry as to whether the words "other considerations" following the words "two thousand dollars" would impart notice or fairly suggest that the $2,000 was not paid.

*Green & Green,* for appellee.

The measure of diligence applicable to this case is laid down in *Deason v. Taylor,* 53 Miss. 697, where there was a recital in the instrument itself that a note had been given and the purchasers declared that they had inquired of the maker of the note whether it had been paid, but the court said:

"It appears in the case at bar that the subsequent purchasers knew that Deason had bought the realty on a credit, because they asked him at the time of their purchase if he had paid all the money due Taylor. It was their own folly if they relied upon his assurances, instead of applying for information to Taylor who lived in an adjoining county, and is shown by the bill to be a practicing lawyer, well known in Brookhaven, where the lots were situated, and all the defendants resided."

So in the case at bar, having knowledge that there were considerations in addition to the $2,000, and that these considerations could be rendered certain by an application to Mc-Keen, who was well known in Indiana and Mississippi, being a large land owner here, it was their own folly if, with actual knowledge that there were other considerations outstanding, they made no inquiry with reference thereto. Nothing is presumed to be done as a vain and illusory thing and why, if some meaning were not to be given to the recital of the deed that there were "other considerations" should that recital have been inserted? It must have been to effect some purpose, to consummate some end, and so it was in the present case that by that recital this appellee was led to believe and did believe he had reserved upon the property a lien for the unpaid purchase money. The act of Barton was a fraud upon McKeen if this court should determine that the recital of the deed was not sufficient to reserve the lien, and these recitals of this instrument advising each purchaser that there were "other considerations" outstanding when he made the purchase which were not disclosed by the deed, but which could be rendered certain by an inquiry, we submit the recitals were sufficient to affect each of the parties here, with notice of the existence of our rights. Barton prepared this deed representing that it contained a reservation of a lien by the use of these words and McKeen believing that he spoke the truth executed the instrument in reliance thereon.

We think that the Mississippi cases completely demonstrate the

validity of our contention. *McLeod v. Bank,* 42 Miss. 112; *Learned v. Corley,* 43 Miss. 706; *Loughridge v. Rowland,* 52 Miss. 555; *McRae v. Goodbar,* 80 Miss. 322.

Smith, J., delivered the opinion of the court.

Appellee sold to S. P. Barton certain lands for the sum of $2,000, taking his promissory note therefor due and payable at a later date, which note is still unpaid. The only recital in the deed executed by appellee to Barton relative to the consideration thereof is as follows: "In consideration of $2,000 and other considerations, I hereby convey," etc. This deed was duly recorded. Barton sold the land to appellants, who had no notice that the purchase money therefor was still unpaid. Appellee is a citizen of Vigo county, Ind., and is well known therein. He also has business interests in Hinds county, Miss., and is well known therein. The bill in effect alleged that appellants were put upon notice of the fact that the purchase money of said land was unpaid, and that, consequently, appellee had a vendor's lien thereon to secure the same, by reason of the recital, "and other considerations," contained in the deed, and prayed that said lands be sold to satisfy the lien. To this bill a demurrer was interposed, and, to same being overruled, an appeal was taken to this court to settle the principles of the case.

In *Deason v. Taylor,* 53 Miss. 701, the general rule governing this matter is thus stated: "Nothing is better settled than that the purchaser of real estate is bound to take notice of all recitals in the chain of title through which his own title is derived. Not only is he bound by everything stated in the several conveyances constituting that chain, but he is bound fully to investigate and explore everything to which his attention is thereby directed." The qualification of this general rule is as stated in 23 Am. & Eng. Ency. of Law (2d ed.) 510: "In order to impute constructive notice to a purchaser

by reason of recitals in instruments affecting his title, the recitals relied upon must be so clear and distinct as to put an ordinarily prudent person upon inquiry, and must be so far correct and intelligible that upon proper inquiry they would lead the purchaser to knowledge of the particular fact or incumbrance with notice of which it is sought to charge him."

In order to uphold appellee's contention it would be necessary for us to hold that the recital, "other considerations," so clearly and distinctly indicates that the purchase money of the land is probably unpaid as to cause a reasonably prudent man to make inquiry relative thereto. This we cannot do. This recital indicates nothing more than that there was a consideration for the deed other than the $2,000, and does not in the remotest degree indicate that any part of the purchase money is probably unpaid. It is true that, by inquiring of appellee, appellants would have learned this fact; but the question is: Was it their duty to make such inquiry? The best reasoned case we have seen on this subject, and which fully supports the foregoing views, is *Acer v. Westcott,* 46 N. Y. 384, 7 Am. Rep. 355.

The decree of the court below is reversed, the demurrer sustained, and the bill dismissed.                *Reversed.*